[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter was heard jury-waived and the Court after a careful consideration of the evidence illicited during the course of the trial makes the following findings of fact:
1. The defendants, Manuel and John C. Silva, took title to the property in question in January of 1986 and contemporaneously conveyed a mortgage deed to the defendant Lafayette Federal Savings Bank.
2. Prior to 1925, there was some type of a drainage piping system on the subject property. In 1925, the State of Rhode Island condemned Stafford Road and it was converted from a town to a state highway.
3. In 1955 Stafford Road was widened by the State of Rhode Island. The 1955 Construction Plan clearly indicates the existence of a 12 inch corrugated metal pipe running beneath Stafford Road and across the subject property.
4. The State of Rhode Island has never acquired a drainage easement over the defendant's property by condemnation or conveyance, nor have the defendants or their predecessors in title ever given permission for the subject property to be used for drainage purposes.
The State of Rhode Island contends it has an easement by prescription over the subject property as the drainage system has existed for more than ten years and the use has been continuous, open, adverse and under a claim of right. The Court is satisfied by clear and satisfactory evidence that this contention is a proper one.
The use was open as the termination point of the drain is and has been above ground and clearly visible to the naked eye. The pipe is indicated on public records on file in the Tiverton Land Evidence Records, namely — the 1955 Condemnation Plat and the 1985 Subdivision Plan.
The use was adverse as it was inconsistent with the rights of the defendants and their predecessors in interest. A pipe that drains water on a person's property is certainly inconsistent with that persons full use and dominion of the property.
The use was certainly continuous as the State has been utilizing the drainage system since 1925, and during that entire period it has been under a Claim of right.
The Court, based upon the foregoing, permanently enjoins the defendants from interfering with the drainage easement by prescription and further enjoins them from interfering with any State of Rhode Island efforts to enter upon the subject property for the purpose of maintaining or improving the drainage system.